PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2004 Tacoma Pre Runner pickup truck struck a rock while claimant Robert Ray Johnson was traveling on Route 3/5 on Laurel Creek Road in Mingo County. Route 3/5 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on September 4, 2006, at approximately 10:20 p.m. Route 3/5 on Laurel Creek Road is a two-lane paved road at the site of the incident involved in this claim. Claimant was on his way to work the night shift and he was driving at a speed of approximately twenty miles an hour when a rock the size of a truck fell on his vehicle and the top of his truck caved in. Mr. Johnson testified that he almost came to a complete stop, but since he was proceeding in a curve, it was pouring rain outside, and coal trucks frequently pass through this road, he decided to continue to drive forward. Mr. Johnson stated that he was familiar with this road and that about a month or two before this incident, a rock fell and tore the guardrail alongside the area in question. Claimant stated that respondent had replaced the guardrail at the same location of this accident and had cleaned up the previous rock fall. Claimant’s vehicle sustained damages in the amount of $3,720.88. Claimant’s insurance deductible is $500.00 so his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 3/5 on Laurel Creek Road at the site of claimant’s accident for the date in question. Respondent stipulated that claimant sustained damages in the amount of $500.00. The respondent did not present any witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had actual notice of rocks likely to fall at that point on Route 3/5. The respondent had cleaned up a rock *54 fall in the same area where claimant’s accident occurred about a month or two before this incident. The rock or boulder which fell onto claimant’s truck was adjacent to the same rock strata. Thus, the Court is of the opinion that respondent is liable for the damages which proximately flow from its inadequate protection of the traveling public in this specific location of Route 3/5 on Laurel Creek Road in Mingo County, and further, that respondent is liable for the damages to claimant’s vehicle in this claim.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $500.00.
Award of $500.00.